KEVIN LEDFORD, individually, and on behalf )
of all others similarly situated, )
)
    Plaintiff, )
)
v. )   Case No. 2:23-CV-04079
)
TRAVELERS HOME AND MARINE )
INSURANCE COMPANY, )
)
    Defendant. )
)

**DEFENDANT TRAVELERS HOME AND MARINE INSURANCE COMPANY'S
SUGGESTIONS IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

**CONCISE STATEMENT OF UNCONTROVERTED MATERIAL FACTS
PURSUANT TO LOCAL CIVIL RULE 56.1**

1. Travelers issued a homeowners insurance policy (the "Policy") to Plaintiff Kevin Ledford and Deborah Ledford (not named as a plaintiff),[1] providing coverage for a residence premises located at 667 W. Juan Tabo Lane, Republic, Missouri (the "Premises"), for the policy period of December 15, 2017 to December 15, 2018. (Kidd Declaration, ¶ 4.)

2. On December 3, 2018, an insurance claim (the "Claim") was reported to Travelers for damage to the roof of the Premises caused by a windstorm, with a reported date of loss of December 1, 2018. (*Id.*, ¶ 5.)

3. On December 11, 2018, Travelers' claim professional inspected the Ledfords' roof, prepared an estimate, and issued an electronic payment to the Ledfords that same day. The

---

[1] Travelers has raised as an affirmative defense that Deborah Ledford is an indispensable party under Fed. R. Civ. P. 12(b)(7) and 19. The Court need not reach that issue, however, if it grants summary judgment in favor of Travelers on the grounds set forth herein.

1

payment was based on an estimated replacement cost value of $12,540.99, less depreciation of $4,200.92, less the deductible of $1,500, for a total of $6,840.07. (*Id.*, ¶ 6.)

4. Travelers' records reflect that the electronic payment was accepted by the Ledfords and deposited into their bank account on or about December 20, 2018. (*Id.*, ¶ 7.)

5. The Ledfords' contractor prepared an invoice dated January 10, 2019, for replacement of the entire roof, in the amount of $10,185. (*Id.*, ¶ 8.) The Ledfords, however, did not provide Travelers with a copy of their contractor's invoice until February 22, 2019. (*Id.*)

6. On February 22, 2019, when Travelers received the contractor's invoice from the Ledfords, it promptly issued an electronic payment that same day in the amount of $1,844.93. (*Id.*, ¶ 9.)

7. After issuing the second payment, Travelers had paid a total of $8,685, which is the amount of the contractor's invoice ($10,185) minus the deductible ($1,500). (*Id.*) After the second payment was issued, there was no remaining depreciation taken on the Claim. (*Id.*)

8. The policy issued by Travelers to Plaintiff contains the following Loss Payment clause:

> **Loss Payment.** We will adjust all losses with you. We will pay you unless some other person is named in the policy or is legally entitled to receive payment. Loss will be payable 60 days after we receive your proof of loss and:
> **a.** Reach an agreement with you;
> **b.** There is an entry of a final judgment; or
> **c.** There is a filing of an appraisal award with us.

(Kidd Decl. Ex. A, Policy, at p. 26 of 48.)

9. The Ledfords did not submit a proof of loss during the adjustment of the Claim. (Kidd Decl., ¶ 10.)

10. During the adjustment of the Claim, the Ledfords did not demand payment in any specific amount except to the extent that they provided their contractor's invoice, the remaining amount of which was promptly paid on the same day that the invoice was received. (*Id.*)

11. During the adjustment of the Claim, Travelers did not enter into any written or oral agreement with the Ledfords that it would pay a specific amount for damage to their home. (*Id.*, ¶ 11.)

12. Neither the Ledfords nor Travelers has demanded an appraisal of the Claim. (*Id.*, ¶ 12.)

13. The Ledfords have not obtained a final judgment against Travelers in any lawsuit concerning the Claim. (*Id.*, ¶ 13.)

## ARGUMENT

This is one of dozens of putative class actions that have been filed in various jurisdictions across the country involving so-called "labor depreciation," i.e., whether, when estimating the "actual cash value" of damage to property on property insurance claims (such as claims for damage to a home from a fire or windstorm), insurance companies may apply depreciation to the entire replacement cost value of the damage, or whether they are required to limit the application of depreciation to only the cost of the materials. There is a split of authority nationwide on this issue. Under Missouri law, the Eighth Circuit and Missouri Court of Appeals have issued decisions that conflict with each other on this issue.[2]

---

[2] *See In re State Farm Fire & Cas. Co. ("Labrier")*, 872 F.3d 567, 574-77 (8th Cir. 2017) (holding, under Missouri law, that depreciation has a "well understood meaning" under which "the decline in an asset's value over time" is deducted "from the initial full cost of the damaged asset, because that was the insured's investment"; reversing order certifying class and remanding with direction to dismiss the complaint); *Franklin v. Lexington Ins. Co.*, 652 S.W.3d 286, 302-03 (Mo. App. W.D. 2022), *transfer denied* (Mo. Oct. 4, 2022) (finding *Labrier* unpersuasive, affirming judgment after trial in favor of policyholder).

This case, however, should be resolved swiftly on a *narrow* ground specific to the facts presented here. There is no dispute that Plaintiff and his wife were paid every dime they were owed on their insurance claim. The *only* issue in dispute is whether Plaintiff is entitled to interest for an alleged delay in payment of a portion of the amount paid. Plaintiff maintains that the amount withheld for depreciation on Travelers' initial estimate should have been lower because depreciation should not have been applied to labor costs. Plaintiff thus contends that Travelers should pay approximately two months of interest on that amount (although all but three weeks of the two-month period was actually due to the Ledfords' own delay in providing a copy of their contractor's invoice to Travelers). As a matter of law, the terms of the Policy and applicable Missouri law do not require Travelers to pay such interest.

I. **UNDER THE TERMS OF THE POLICY AND APPLICABLE MISSOURI LAW, PLAINTIFF IS NOT ENTITLED TO INTEREST ON THE AMOUNT HE CLAIMS TRAVELERS PAID LATE**

Plaintiff alleges that, even where Travelers has paid the withheld depreciation in subsequent payments—as it has on Plaintiff's Claim, as demonstrated above—Travelers must pay for the "lost 'time value' of money during the period of withholding, *i.e.*, statutory or common law prejudgment interest on the amounts improperly withheld, for the time period of withholding." (Complaint, ¶ 34; *see also id.*, ¶ 60 (seeking to recover "the time use of money resulting from the time periods of labor withholdings in the form of prejudgment interest")).

More specifically, Plaintiff's claims against Travelers focus entirely on his contention that an unspecified portion of the $4,200.92 in depreciation (the portion of that amount allocable to labor costs) should not have been withheld from the initial payment, and therefore should have been paid on December 20, 2018, instead of being paid on February 22, 2019, after the Ledfords provided their contractor's invoice dated January 10, 2019 to Travelers. Putting aside for a

4

moment the fact that the vast majority of the two-month period for which Plaintiff claims interest was due to the Ledfords' own six-week delay (from January 10, 2019 to February 22, 2019) in providing their contractor's invoice to Travelers, the terms of the Policy and applicable Missouri law simply do not provide for payment of interest in these circumstances.

The Policy contains the following Loss Payment clause:

> **Loss Payment.** We will adjust all losses with you. We will pay you unless some other person is named in the policy or is legally entitled to receive payment. Loss will be payable 60 days after we receive your proof of loss and:
> **a.** Reach an agreement with you;
> **b.** There is an entry of a final judgment; or
> **c.** There is a filing of an appraisal award with us.

(Kidd Decl. Ex. A, Policy, at p. 26 of 48.)

Under the plain terms of the Loss Payment clause, the 60-day deadline for a final payment was never triggered. Travelers and the Ledfords never reached a written or oral argument on a specific amount to be paid on the Claim. The Ledfords also did not demand payment of any specific amount before submitting their contractor's invoice, the remaining amount of which was immediately paid. (Kidd Decl., ¶¶ 10-11.) There has been no final judgment entered, and there was no demand for an appraisal (an alternative dispute resolution mechanism provided for in the policy, essentially a limited form of arbitration). (*Id.*, ¶¶ 12-13.) Travelers' payments were therefore timely under the Loss Payment clause.

"State law governs the issue of prejudgment interest in this diversity action." *Macheca Transport Co. v. Phila. Indem. Ins. Co.*, 737 F. 3d 1188, 1196 (8th Cir. 2013). A Missouri statute expressly permits parties to a contract to agree upon when payments are due, and such contract provisions expressly control when prejudgment interest begins to accrue. The relevant statute provides, in pertinent part:

> Creditors shall be allowed to receive interest at the rate of nine percent per annum, when no other rate is agreed upon, <u>for all moneys after they become due and payable, on written contracts</u>, and on accounts after they become due and demand of payment is made; for money recovered for the use of another, and retained without the owner's knowledge of the receipt, and for all other money due or to become due for the forbearance of payment whereof an express promise to pay interest has been made.

Mo. Rev. Stat. § 408.020 (2016) (emphasis added).

Applying this statute, the Missouri Court of Appeals has held that contract provisions similar to the Loss Payment provision in Plaintiff's Policy control whether any interest accrues prior to the filing of a lawsuit. In *Nelson v. Farm Bureau Town and Country Ins. Co. of Mo.*, 560 S.W.3d 81 (Mo. App. W.D. 2018), the Missouri Court of Appeals explained that under § 408.020, "[g]enerally, a policyholder is entitled to interest from the date the claim became payable under the policy." *Id.* at 92; *see also Huffstutter v. Michigan Mut. Ins. Co.*, 778 S.W.2d 391, 394-95 (Mo. App. E.D. 1989) (interest owed beginning 60 days after proof of loss was received, in accordance with applicable policy provision); *Adams v. Auto-Owners Ins. Co.*, No. 21-CV-2003, 2021 WL 6622511, at *2-3 (C.D. Ill. Oct. 25, 2021) (holding, in labor depreciation case under Illinois law, that no prejudgment interest was owed under similar policy provision where there was no agreement between the parties or judgment entered).

Moreover, Missouri law is clear that "[p]rejudgment interest on liquidated claims is allowed only after demand of payment is made." *Nelson*, 560 S.W.3d at 93. The demand "must be definite on amount and time." *Id.* (internal quotation marks and citation omitted). Where under a similar policy the plaintiff "failed to prove a demand [was made by the plaintiff] for additional living expenses prior to the filing of the lawsuit," no prejudgment interest accrued until after the lawsuit was filed. *Id.*; *see also Macheca Transp. Co. v. Philadelphia Indem. Ins. Co.*, No. 4:04-CV-178 CEJ, 2012 WL 5948900 (E.D. Mo. Nov. 28, 2012), *aff'd in part, rev'd in part*, 737 F.3d

1188, 1996 n.7 (8th Cir. 2013) (where there was no specific demand for payment, interest did not accrue until after lawsuit was filed).³

Here, as in these cases, Travelers paid the *full amount* being claimed *before* suit was filed, and the Ledfords made no specific pre-suit demand for payment except to the extent they submitted their contractor's invoice, the remaining amount of which was immediately paid, well before the contractual 60-day period expired. (Kidd Decl. ¶¶ 9-10.) And Plaintiff was able to complete the repairs for approximately $2,500 less than Travelers estimated the repairs would cost. (*Id.*, ¶¶ 6, 8.) Travelers did not enter into any written or oral agreement with the Ledfords, neither party demanded an appraisal of the Claim, and no final judgment has been entered. (*Id.*, ¶¶ 11-13.) Thus, under both the Loss Payment provision and applicable Missouri law, Plaintiff is not entitled to any prejudgment interest, which is the *sole* basis for Plaintiff's alleged breach of contract.

## II.     PLAINTIFF IS NOT ENTITLED TO DECLARATORY RELIEF OR TO SEEK RELIEF ON BEHALF OF PUTATIVE CLASS MEMBERS

Plaintiff's declaratory judgment claim should be dismissed because "a declaratory judgment is a remedy, not a cause of action," and "Plaintiff cannot transform a request for declaratory relief into an independent cause of action." *STIM, LLC v. Aecom Tech. Servs., Inc.*, 2016 WL 1298145, at *2 (W.D. Mo. Apr. 1, 2016) (dismissing separate count for declaratory judgment). Moreover, as in other cases where similar declaratory judgment claims under insurance policies have been dismissed, "[a]djudication of the breach of contract claim would render the request for declaratory judgment moot or redundant, while a ruling on the merits of

---

³ *Labrier v. State Farm Fire & Cas. Co.*, 147 F. Supp. 3d 839, 852-53 (W.D. Mo. 2015), *rev'd on other grounds*, 872 F.3d 567 (8th Cir. 2017), did not address the policy provision at issue here or the case law cited here.

the declaratory judgment action would not address the issue of damages pursuant to the breach of contract claims." *Amerisure Mut. Ins. Co. v. Maschmeyer Landscapers, Inc.*, 2007 WL 2811080, at *2 (E.D. Mo. Sept. 24, 2007) (dismissing counterclaim for declaratory judgment); *see also Rainey v. Standard Guar. Ins. Co.*, 2020 WL 5536486, at *4 (W.D. Mo. Sept. 15, 2020) (dismissing declaratory judgment claim because "if a suit for breach of contract is an adequate remedy at law, a request for declaratory judgment seeking the same relief is duplicative").

If the Court grants summary judgment in favor of Travelers on Plaintiff's individual claims, the issue of potential class certification becomes moot, bringing this case to an end. *See, e.g.*, *Beale v. Kraft Heinz Foods Co.*, 2018 WL 2085277, at *5 (S.D. Iowa Mar. 27, 2018) (explaining that "in order for the named plaintiffs to later serve as class representatives they must have viable claims," and "Plaintiffs cannot argue that their action should survive summary judgment based on hypothetical claims belonging to hypothetical class members").

## CONCLUSION

For all the foregoing reasons, Travelers' motion for summary judgment should be granted, and a final judgment should be entered in favor of Travelers.

Respectfully submitted,

s/ Matthew D. Turner
Matthew D. Turner     #48031
ARMSTRONG TEASDALE LLP
101 E. High Street, First Floor
Jefferson City, Missouri 65101
(573) 636-8394
(573) 636-8457 (facsimile)
mturner@atllp.com

Wystan M. Ackerman (pro hac vice)
ROBINSON & COLE LLP
280 Trumbull Street
Hartford, CT 06103
(860) 275-8388

(860) 275-8299 (facsimile)
wackerman@rc.com

**ATTORNEYS FOR DEFENDANT
TRAVELERS HOME AND MARINE INSURANCE
COMPANY**

**<u>CERTIFICATE OF SERVICE</u>**

The undersigned hereby certifies that a true and accurate copy of the foregoing was sent via the Court's ECF system on this 9th day of May, 2023, to:

David T. Butsch
Christopher E. Roberts
BUTSCH ROBERTS & ASSOCIATES LLC
231 South Bemiston Ave., Suite 260
Clayton, MO 63105

<u>s/ Matthew D. Turner</u>
Matthew D. Turner
